IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LOUIS E. RICHARD, JR.                                                                                    PLAINTIFF

      v.                          Civil No.4:08-cv-04064

SHERIFF BUTCH MORRIS, Howard
County, Arkansas; JEFF BREWER,
Drug Task Force; LA JEANA JONES,
Public Defender, Howard County;
BRYANT CHESTERS, Prosecuting
Attorney, Howard County; TOM
COOPER, Prosecuting Attorney,
Howard County; and the CITY OF
NASHVILLE, Arkansas                                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Louis E. Richard, Jr. (hereinafter "Richard") filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for a determination of whether service of process should issue.

### I. Background

According to Richard, he was arrested and charged with delivery of a controlled substance–crack cocaine. He alleges there was a conspiracy between the Howard County Sheriff's Office, the Office of the Drug Task Force Agency, the Prosecuting Attorney, Howard County, and the City of Nashville, Arkansas. He alleges "they" came to his home on July 29, 2007, and August

-1-

1, 2007, and solicited him to buy drugs for them and then turned around and prosecuted him. He asserts the so called confidential informant was not charged. In a technical sense he asserts he had not made a delivery and was just an errand boy between the police officer and the real drug dealer. He maintains he was defamed and put in a false light in order for enough evidence to be obtained for a jury verdict to be rendered against him.

*State v. Richard*, 2007-162, and *State v. Richard,* 2007-161, arose out of the events July 29, 2007, and August 1, 2007. *Addendum* (Doc. 9) at ¶ 2 (hereinafter *Add.*). LaJeana Jones was his public defender in these cases. *Id.* at ¶ 3. Richard does not believe she provided effective assistance of counsel. *Id.*

Bryant Chesters was the prosecuting attorney assigned to these two cases. *Add.* at ¶ 4. Richard contends he received disparate treatment from Chesters. *Id.* When he refused sought to charge the County and refused a plea, Richard states Chesters used tactics such as charging him as a habitual offender. *Id.*

Tom Cooper was the head prosecutor. *Add.* at ¶ 5. According to Richard, he allowed the vindictive prosecution to occur. *Id.*

With respect to Jeff Brewer, Richard maintains he is an officer who was assigned to the Drug Task Force and came into Richard's home to provide him with buy money for drugs. *Add.* at ¶ 6. After providing the buy money and soliciting Richard to commit a crime, Brewer then turned around and prosecuted Richard. *Id.* Richard maintains Brewer did not have proper authorization and should have been charged as an accomplice. *Id.* Similarly, Richard maintains Sheriff Butch Morris was an accomplice to the commission of a crime. *Add.* at ¶ 7.

Richard was convicted of the delivery of a controlled substance charges and received a

thirteen year sentence. *Add*. at ¶ 1. He is appealing the convictions but the convictions have not been reversed, set aside, or otherwise held to be invalid. *Id.*

As relief, Richard seeks damages for false imprisonment, emotional distress, cruel and unusual punishment, and mental anguish. He seeks a total of two million dollars in compensation.

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Richard's claims are subject to dismissal. First, to the extent Richard claims he was "falsely" arrested and falsely incarcerated, those claims are subject to dismissal. Under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), a § 1983 claim that would necessarily imply the invalidity of a conviction is premature.

In *Heck*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

> A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487, 114 S. Ct. at 2372-73(footnotes omitted). Thus, Richard's false arrest and false imprisonment claims are simply not cognizable under § 1983.

Second, claims that Officer Jeff Brewer, Sheriff Butch Morris, Howard County, and the City of Nashville engaged in a conspiracy to entrap him are likewise barred by *Heck*. *See e.g., Kramer v. Village of North Fond du Luc*, 384 F.3d 856, 862 (7th Cir. 2004)(entrapment allegations in a § 1983 action would be barred under *Heck* because entrapment was a complete defense to the crime). *Cf. Williams v. Schario*, 93 F.3d 527, 529 (8th Cir. 1996)(claims that defendants engaged in malicious prosecution and presented perjured testimony would necessarily imply the invalidity of plaintiff's conviction or sentence and are barred by *Heck*).

Third, private attorneys do not act under color of law and are not subject to suit under § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Attorney LaJeana Jones was not acting under color of state law while representing Richard in his criminal proceeding. *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose*, 187 F.3d at 1002-1003 ("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

Fourth, Richard's claim against Prosecuting Attorney Tom Cooper and Prosecuting Attorney

Case 4:08-cv-04064-HFB   Document 12   Filed 11/05/08   Page 5 of 6 PageID #: 60

Bryant Chesters are subject to dismissal. The prosecuting attorneys are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorneys are entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Richard asserts a vindictive prosecution claim, the claim is also barred by *Heck*. The claim does not accrue until the charges have been reversed on direct appeal, expunged by executive order, or otherwise held to be invalid. *See e.g., Thomas v. Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005).

### III. Conclusion

I therefore recommend this case be dismissed on the grounds that the claims are not cognizable, are frivolous, and/or fail to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

-5-

**Richard has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Richard is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of November 2008.

/s/ Barry A. Bryant
 HON. BARRY A. BRYANT
 UNITED STATES MAGISTRATE JUDGE