IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LOUISE E. RICHARD JR.                                                          PLAINTIFF

V.                              CASE NO. 4:08-CV-4064

SHERIFF BUTCH MORRIS, Howard
County, Arkansas; JEFF BREWER,
Drug Task Force; LA JEANA JONES;
Public Defender, Howard County;
BRYANT CHESTERS, Prosecuting
Attorney, Howard County; TOM
COOPER, Prosecuting Attorney,
Howard County; and the CITY OF
NASHVILLE, Arkansas                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed November 11, 2008, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 12). Plaintiff, Louise Richard, Jr., filed a civil action against the named defendants pursuant to 42 U.S.C. § 1983. Judge Bryant recommends that service of process should not be given in the action and that Plaintiff's *pro se* § 1983 civil rights complaint be dismissed, because the claims are not cognizable, are frivolous, and/or fail to state claims for which relief can be granted. Plaintiff Richard has responded with timely objections. (Doc. 13). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

In his Objections to the Report and Recommendation, Richard states that he has a cause of action under § 1983, because the Defendants violated his constitutional rights, namely his rights afforded to him under the 5th Amendment, 6th Amendment, and section 1 of the 14th Amendment. (Doc. 13, pg. 7). Furthermore, Richard prays that this Court stay his § 1983 action

until his criminal appeals have been exhausted. (Doc. 13, pg. 7). Judge Bryant correctly states that "to establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's constitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

With respect to Richard's first and second claim, that he was "falsely" arrested and incarcerated while also being entrapped by the police department to commit the crime, Judge Bryant correctly stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Therefore, Judge Bryant properly concluded that Richard has no cognizable claims under § 1983, because Richard was convicted under these claims and none of them have been overturned by an appellate court, executive order, or otherwise held to be invalid.

Richard's third claim, that a § 1983 suit is permissible against his public defender, was also properly identified for dismissal by Judge Bryant. Richard's public defender was not acting under the color of state law and was therefore not subject to a civil rights action. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 509 (1981) (holding that the conduct of counsel does not generally constitute action under the color of law). Therefore, this Court adopts Judge Bryant's recommendation that Richard's third claim against Public Defender LaJeana Jones be dismissed.

Judge Bryant also recommends dismissal for Richard's fourth claim against Prosecuting Attorney Tom Cooper and Prosecuting Attorney.  Generally, prosecutors have absolute immunity from civil suits when they prosecute a State's case against a defendant.  *See Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976) (holding that prosecutors enjoy absolute immunity from a civil suit for damages when they are initiating and presenting a State's case).  Also, to uphold a vindictive prosecution claim, according to the Supreme Court's holding in *Heck*, the conviction must have been expunged either by direct appeal, executive order, or otherwise held to be invalid.  *See Thomas v. Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005).  Therefore, this Court adopts Judge Bryant's conclusion that the Prosecutors in this case have absolute immunity; thus, Richard's claims are dismissed.  Also, Richard's vindictive prosecution claim is dismissed because none of his convictions have been expunged.

## CONCLUSION

For the reasons stated herein and above, as well as those stated in Judge Bryant's Report and Recommendation, (Doc. 12), Louise Richard's § 1983 claims should be **DISMISSED**.

IT IS SO ORDERED, this 12th day of November, 2009.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

3